**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

ANDA, INC.,

    Defendant/Counter Plaintiff/Plaintiff,

v.

GEMINI INSURANCE COMPANY,

    Defendant.

    _____/

CASE NO: 0:12-cv-62392-CIV-ROSENBAUM

**GEMINI'S MOTION TO COMPEL DISCOVERY AGAINST ANDA
AND REQUEST FOR EXPEDITED RULING**

GEMINI INSURANCE COMPANY ("Gemini"), pursuant to Fed. R. Civ. P. 37, S.D. Fla. L.R. 26.1, and DE 79, moves to compel discovery from ANDA, INC. ("Anda"), and states:

**INTRODUCTION**

This action involves insurance coverage for a suit by the state of West Virginia ("State") for economic losses ($460 Million annually) for regulatory violations involving the distribution of prescription drugs. As part of its basic discovery, Gemini served Anda with **18** document requests ("RFP") [Ex. "A"], **9** interrogatories [Ex. "B"], and **6** requests for admissions ("RFA") [Ex. "C"], all tailored to key issues and affirmative defenses. Anda objected to almost everything. Anda's objections are unsubstantiated and only frustrate the discovery process, potentially jeopardizing the scheduling order. Moreover, the documents Anda did produce are incomplete or otherwise non-compliant. Gemini respectfully requests that the Court enter an order compelling Anda to provide Gemini with the basic and much-needed discovery.[1]

**BACKGROUND ESTABLISHING RELEVANCE**

To appreciate the importance of the disputed discovery, a basic understanding of the coverage issues is appropriate. Unlike some duty to defend inquires (that can be decided by simply comparing the underlying complaint to the policy), the inquiry under this contract is fact-intensive. Each of the following issues is critical to deciding the duty to defend and each requires discovery beyond the "four corners" of the underlying complaints: **(1)** reformation-fraud, mistake, or misrepresentation (Aff. Defense 6); **(2)** the amount of the applicable SIR ($1

---

[1] As further detailed in the conferral certificate, to the extent the parties are able to fully resolve any of the issues raised in this motion, Gemini will immediately notify the Court.

Million or $200,000, depending on the number of events) (Aff. Defense 5); **(3)** whether the SIR has been satisfied (Aff. Defense 5); **(4)** the availability of "other insurance" (Aff. Defense 5); **(5)** collusion by Anda that culminated in the recently amended complaint; and **(6)** if there is a duty to defend, allocation between covered and uncovered claims (Aff. Defense 11).

Anda wants to avoid any inquiry, instead suggesting casually that Gemini's discovery is "irrelevant." Anda is incorrect. For example, if the policy is reformed or Anda is deemed not an insured due to fraud, mistake, or misrepresentation, which are factual questions, there is no duty to defend in the first instance. If the SIR is not satisfied (whether it be $200,000 or $1 Million), the duty to defend is also not triggered. *See* SIR Endorsement; Ex. "D" (*Gemini* "*has entered into this Policy on condition that the Self-Insured Retention will be fully satisfied before the Company will assume any obligation under this Policy*."). Anda's reoccurring "relevance" objection is improper and not a legitimate basis for compromising the discovery process. *See Evanston Ins. Co. v. Francks Lab, Inc.*, No. 5:12–cv–603, 2013 WL 5556225, at *1 (M.D. Fla. Oct. 8, 2013) ("Relevance, for purposes of discovery, is construed broadly to include any matter that 'bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

## ARGUMENT AND CITATION OF AUTHORITY

As one court explained, "[t]he overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Reliance Ins. Co. v. Core Carriers, Inc.*, 2008 WL 2414041, at *1 (M.D. Fla. June 11, 2008). Anda has asserted unfounded objections to avoid producing basic information.

**I.    THE UNDERLYING DISCOVERY IS DIRECTLY RELEVANT TO DETERMINING THE AMOUNT OF THE APPLICABLE SIR**

Gemini's requests are straightforward. To begin, RFP Nos. 7 through 10 collectively seek information exchanged in the underlying lawsuit, including pleadings, court filings, and discovery. With some limited variations, Anda provides the same generic objections to each request: (1) unduly burdensome; (2) irrelevant; (3) not in its possession, custody or control; and (4) speculative as to what will be produced. None of these objections are valid.

As to Anda's first objection of **unduly burdensome**, Anda exaggerates the burden associated with producing documents in a case where it is a defendant. It is perfectly logical to

assume that Anda or its attorneys retain all of the pleadings, court filings, and discovery as a matter of course. Copying these documents to a disk or zip drive is not unduly burdensome. Anda's objection that the documents are not in its care, custody or control is implausible.

Anda's fourth objection of **speculative** is invalid because complying with discovery is an ongoing duty under the rules. *Feig v. Apple Organization, Inc*., 2009 WL 1324226, at *3 (S.D. Fla. May 13, 2009) ("Moreover, Plaintiff is subject to an ongoing obligation to timely supplement her response to any RFP or interrogatory if she "learns that in some material respect the disclosure or response is incomplete or incorrect.") (citing Fed.R.Civ.P. 26(e)). Anda has no excuse for failing to produce the documents that have already been exchanged below.

Anda's recurring **relevance** objection is misplaced because discovery of the underlying facts is essential to determining the applicable SIR, which is a prerequisite to coverage and hotly disputed. If permitted discovery, Gemini will prove that the underlying claim involves multiple events, so that the Aggregate SIR ($1 Million) applies. Anda's position is that the Per Event SIR ($200,000) applies. Determining the number of events is impossible without discovery. For example, records establishing the number of drugs shipped to West Virginia, the number of shipments, and when those shipments occurred are highly probative as to the number of "events." Gemini understands that such information was exchanged in the case below. *See Farnsworth v. Proctor & Gamble*, 758 F.2d 1545, 1547 (11th Cir. 1985) (The federal rules "strongly favor full discovery whenever possible.").

### II. GEMINI IS ENTITLED TO DOCUMENTS ESSENTIAL TO DETERMINING WHETHER THE SIR HAS BEEN SATISFIED

Another central issue is whether (or to what extent) the SIR has been satisfied. To that end, Gemini propounded RFP No. 12, which seeks the information necessary to make this determination. Ignoring the part of the request for "proof of payment," Anda produced several months of heavily redacted legal invoices; nothing more. In fact, the invoices are redacted to such a degree that it is impossible for Gemini to identify what services were performed, whether the services relate to the defense of the underlying suit, or which time entries related to which claims.[2] Anda's refusal to produce "proof of payment" is highly prejudicial given that, according

---

[2] Anda indicated that it would produce "less redacted" invoice, however, without court intervention it could take months to resolve how much redaction is enough. Gemini believes it is entitled to see the invoices in their entirely unless Anda provides specific reasons why certain time entries are privileged.

to the terms of the policy, only money paid by the insured itself counts toward satisfying the SIR. Moreover, in the event the Court finds a duty to defend, Gemini's ability to review the time entries is essential for allocating fees between covered and uncovered claims, which is permitted under New Jersey law. *See, e.g., William H. Hall Co. v. Harleysville Ins. Co. of New Jersey*, No. L-652-08, 2009 WL 3416050, at *3 (N.J. Super. A.D. Oct. 13, 2009) (where the insurer is "required to reimburse the insured for its defense costs, its duty to reimburse is limited to allegations covered under the policy, provided that the defense costs can be apportioned between covered and non-covered claims.").

### III. ALL SOURCES OF POTENTIAL COVERAGE, INCLUDING OTHER INSURANCE AND INDEMNITY AGREEMENTS ARE RELEVANT AND DISCOVERABLE

The availability of "other insurance" is also highly relevant. For example, Gemini's position is that the underlying suit is for economic loss, which is the type of loss typically covered under directors & officers ("D&O") or errors & omissions ("E&O") policies policies, not general liability. Moreover, Gemini believes that Anda may qualify as an additional insured ("AI") under one or more of its supplier's-vendor's policies. Anda propounded RFP No. 13 seeking all insurance policies issued to Anda since January 1, 2002, including D&O and E&O policies. While Anda produced numerous policies, it did not produce a single D&O or E&O policy (as specifically requested) or any policies that potentially provide coverage for Anda as an AI. It is only reasonable to assume that Anda, a company with +$700 Million in annual sales, maintains D&O and E&O coverage and requires AI coverage from its suppliers-vendors. Anda should be required to produce those policies. For the same reasons that "other insurance" is relevant, so too are indemnity, defense, and hold harmless agreements between Anda and its suppliers and vendors. RFP No. 14 specifically requests these agreements, which are known to exist. Anda refuses, instead, asserting the same boilerplate objections (**overbroad**, **burdensome**, **irrelevant**), which this Court prohibits. [DE 79.]

### IV. ANDA MUST PRODUCE ALL NON-PRIVILEGED COMMUNICATIONS AND OTHERWISE PROVIDE A PRIVILEGE LOG

RFP Nos. 11, 15, 16 and 17 relate to the discovery of communications exchanged between Anda and insurance agents, co-defendants, and the State relating to insurance coverage, "other insurance," and the underlying suit. In response, Anda indicates that it "will produce" responsive non-privileged documents; however, the only communications it actually produced were coverage position letters from various insurers. The lack of correspondence is particularly troubling especially given that the term "Anda" as defined in the RFP, includes all of its officers,

employees, agents, and attorneys. It is inconceivable that Anda never communicated with its insurance agent (regarding its status as an insured) or that Anda's attorneys never communicated with the underlying plaintiff or the other co-defendants. Third-party communications such as these are highly relevant (Anda does not directly challenge relevance), are not privileged, and should be produced. To the extent Anda is withholding documents based on some privilege, it should submit a privilege log under L.R. 26.1(g)(3)(C) and the Discovery Order [DE 79].[3]

### V.     GEMINI IS ENTITLED TO KNOW WHAT EVIDENCE ANDA IS RELYING ON

Finally, RFP No. 18, seeks all documents that support Anda's contention that Gemini owes coverage.  Again, none of Anda's rote objections are proper. *See* Fed.R.Civ.P. 37(a)(4) ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.").  Accordingly, if Anda is relying on documents other than the policy and the underlying complaints, it should be required to produce them.

### VI.    REQUEST FOR EXPEDITED RULING

Gemini respectfully requests an expedited ruling. Gemini has delayed filing this motion for more than two weeks, hoping to get answers from Anda, but still has nothing.  Gemini cannot wait any longer.  The summary judgment deadline is just three months away and critical documents are being withheld.  Short of an expedited discovery ruling, it will be difficult for Gemini to review the documents, conduct depositions, and otherwise press forward. Anda's delay tactics are threatening to upset the scheduling order.  An expedited ruling will alleviate the prejudice caused by Anda's failure.

### CONCLUSION

Gemini's requests were unambiguous, but Anda has refused to engage them reasonably. Gemini cannot properly defend its insurance contract without these documents.  For the reasons stated above, the Court should enter an order compelling Anda to properly respond and produce all responsive documents.

Respectfully Submitted,

---

[3] The parties have engaged in lengthy talks regarding production of communications.  Gemini believes it is entitled to all responsive documents and cannot entertain further delays engaging in back-and-forth negotiations over the parameters acceptable to Anda or indulge excuses about "checking with the client."

                                                HINSHAW & CULBERTSON LLP

                                                /s/ERIC A. HILLER
**SINA BAHADORAN**
Florida Bar No. 523364
sbahadoran@hinshawlaw.com
**ERIC A. HILLER**
Florida Bar No. 0027920
ehiller@hinshawlaw.com
2525 Ponce de Leon Blvd.
Fourth Floor
Miami, Florida 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063

### CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(a)(3)(A), I certify that I conferred extensively with counsel for Anda for more than two week, in writing and telephonically, in a good faith effort to resolve the issues raised in this motion.  For example, on April 16, 2014, I sent a detailed "conferral" letter to Anda, which outlined a multitude of deficiencies and demanded immediate answers given the fast-approaching mediation.[4]  Over the course of the next two weeks, the undersigned engaged in numerous discussions and letter writing campaigns with various attorneys for Anda.  On April 21, 2014, Anda's counsel indicated that Anda would not produce certain key documents (*e.g.*, the discovery in the underlying case) and, as to others, that she needed to confer with her client.  Gemini delayed filing this motion, hoping to get answers, but still has nothing.  Gemini cannot wait any longer given the pending deadlines; however, to the extent any of the issues are resolved, Gemini will immediately notify the Court.

                                                    /s/ERIC A. HILLER
                                                    Eric A. Hiller

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 2, 2014, I e-filed this document using the CM/ECF system.  I further certify that I am unaware of any non-CM/ECF participants.

                                                      /s/ERIC A. HILLER
                                                    Eric A. Hiller

---

[4] As of May 1, 2014, when mediation took place, Gemini was still without basic answers as to whether Anda would produce rudimentary discovery even though the company's "decision-makers" were present.