UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 12-62392-CIV-MOORE/MCALILEY

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, *et al.*,

    Plaintiffs/Counter Defendants,
vs.

ANDA, INC., *et al.*,

    Defendants/Counter Plaintiffs.
_____/

ANDA, INC., *et al.*,

    Plaintiffs,
vs.

GEMINI INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON MOTION TO COMPEL

This matter is before this Court on Defendant Gemini Insurance Company's ("Gemini") Motion to Compel, filed on May 2, 2014, requesting Anda Inc. to produce documents in response to Gemini's requests for production ("RFP") 7–18.  ECF No. 87. The Honorable Robin S. Rosenbaum referred all discovery matters to the undersigned United States Magistrate Judge for disposition.  ECF No. 76; see also 28 U.S.C.A. § 636; S.D. Fla. L.R., Mag. J. R. 1.  On May 29, 2014, the parties appeared before the undersigned for a hearing on Gemini's Motion.  ECF No. 106.  Prior to and during the hearing, the parties were able to resolve their disputes as to RFPs 11–13, 15, and 16, to

the extent that court intervention is not necessary at this time. On May 30, 2014, this case was reassigned to United States District Judge K. Michael Moore and United States Magistrate Judge Chris M. McAliley for all further proceedings. ECF No. 107. On June 2, 2014, Judge Moore clarified by order that the instant motion remained referred to the undersigned United States Magistrate Judge for disposition. ECF No. 108. Having carefully reviewed the parties' filings, the entire case file, and the applicable law, and in consideration of the arguments presented at the May 29 hearing, it is hereby ORDERED and ADJUDGED that Gemini's Motion to Compel is DENIED as to the RFPs 7–10, 14, 17, and 18, as fully set forth below, and DENIED AS MOOT as to RFPs 11–13, 15, and 16.

## BACKGROUND

To understand the discovery issues in this declaratory action, a brief recitation of the underlying facts is necessary. Anda seeks declaratory relief against Gemini, Federal Insurance Company ("Federal"), The Travelers Property Casualty Company of America ("Travelers"), and St. Paul Fire and Marine Insurance Company ("St. Paul") (collectively, the "Insurance Providers"), related to insurance claims arising from the underlying action, West Virginia ex rel Patrick Morrissey v. Amerisourcebergen Drug Corp., et al., No. 12-C-141 (W. Va. Cir. Ct., Boone Cnty.) ("West Virginia Action"). In the West Virginia Action, the State seeks an award of damages (up to $430,000,000 per year) from Anda and other defendants based on allegations that Anda and the other defendants violated West Virginia's statutes and regulations governing controlled substances and consumer protection. ECF No. 74 Attach. 1 (West Virginia Action Complaint). Anda's position is that the Insurance Providers have a duty to defend Anda

in the West Virginia Action.[1]

Specific to Gemini, Anda alleges that Gemini issued a "claims-made primary products-completed operations liability policy," covering the period from November 24, 2011, through November 24, 2012 (the "Gemini Policy").  ECF No. 74 at 8; see also ECF No. 52 Attach. 1 (Gemini Policy).  Anda alleges that the Gemini Policy promises to provide products-completed operations coverage, with limits of $10,000,000 in the aggregate and subject to a $200,000 self-insured retention ("SIR") on a per event basis and a $1,000,000 deductible/SIR aggregate.  ECF No. 74 at 8.  Anda alleges that the Gemini Policy requires Gemini to indemnify and defend Anda in the West Virginia Action.  ECF No. 74.  Anda further alleges that it timely notified Gemini of the West Virginia Action—both the initial and amended complaints—seeking defense and indemnity.  ECF No. 74 at 12.  Gemini denied Anda's requests to defend and indemnify, and Gemini's Answer and Affirmative Defenses set forth myriad affirmative defenses and denials.  ECF No. 74 at 12.

On May 2, 2014, Gemini filed the instant Motion to Compel seeking an order compelling responses to RFPs 7–18.  ECF No. 87.  In its Motion, Gemini stated the following issues are critical to deciding the duty to defend outside of the four corners of the West Virginia Action Complaint:

(1) reformation-fraud, mistake, or misrepresentation (Aff. Defense 6); (2)

---

[1] Presently, the duty to indemnify issue has been stayed as to Federal, St. Paul, and Travelers pursuant to Judge Zloch's June 27, 2013 Order.  ECF No. 29.  Because Gemini joined this action after June 27, 2013, and because the June 27 Order used specific party names, the stay order does not patently apply to Gemini.  However, both Gemini's and Anda's arguments relating to the instant motion presume that the duty to indemnify issue has been stayed as to Gemini as well.  At the May 29, 2014 hearing on the Motion to Compel, the undersigned informed the parties of the technicality, and the parties stated that they would seek to add Gemini to the June 27, 2013 Order.  Therefore, the analysis on the current discovery disputes is made with the understanding that the duty to indemnify is currently not at issue.

>the amount of the applicable SIR ($1 Million or $200,000, depending on the number of events) (Aff. Defense 5); (3) whether the SIR has been satisfied (Aff. Defense 5); (4) the availability of "other insurance" (Aff. Defense 5); (5) collusion by Anda that culminated in the recently amended complaint; and (6) if there is a duty to defend, allocation between covered and uncovered claims (Aff. Defense 11).

ECF No. 87 at 1–2. Regarding the remaining unsettled RFPs, Anda maintains its objection that the remaining requests seek irrelevant materials to this Court's determination of the duty to defend.

## LEGAL STANDARD

### A. Choice of Law

When this Court exercises diversity jurisdiction it must apply the substantive law of the forum state, Florida, alongside federal procedural law. Horowitch v. Diamond Aircraft Indus., Inc., 645 F.3d 1254, 1257 (11th Cir. 2011) (citing Erie R.R. v. Tompkins, 304 U.S. 64 (1938)). Likewise, Florida's choice-of-law rules must be applied when determining the governing law. Interface Kanner, LLC v. JPMorgan Chase Bank, N.A., 704 F.3d 927, 932 (11th Cir. 2013) (citing Am. Family Life Assurance Co. of Columbus, Ga. v. U.S. Fire Co., 885 F.2d 826, 830 (11th Cir. 1989)); Prime Ins. Syndicate, Inc. v. B.J. Handley Trucking, Inc., 363 F.3d 1089, 1091 (11th Cir. 2004). Here, however, the parties have not briefed the choice-of-law issue regarding the interpretation of the Gemini Policy. Instead, the parties have both asserted that New Jersey or Florida law is likely to apply and that there is no material difference in the states' laws for the purposes of the instant discovery dispute. Accordingly, this Court will follow Florida law. See, e.g., Textron Fin. Corp. v. Lentine Marine Inc., 630 F. Supp. 2d 1352, 1355 (S.D. Fla. 2009).

### B. Duty to Defend

Generally, "an insurance company's duty to defend an insured is determined solely from the allegations in the complaint against the insured, not by the actual facts of the cause of action against the insured, the insured's version of the facts or the insured's defenses." Amerisure Ins. Co. v. Gold Coast Marine Distribs., Inc., 771 So. 2d 579, 580 (Fla. 4th DCA 2000); see also Jones v. Fla. Ins. Guar. Ass'n, 908 So. 2d 435, 442–43 (Fla. 2005). If the underlying complaint states "facts that bring the injury within the policy's coverage, the insurer must defend regardless of the merit of the lawsuit." Amerisure Ins. Co., 771 So. 2d at 580 (citing Smith v. Gen. Accident Ins. Co. of Am.. 641 So. 2d 123, 124 (Fla. 4th DCA 1994)). Any doubt regarding the duty to defend must be resolved in favor of the insured. Id. (citing Marr Invs., Inc., v. Greco, 621 So. 2d 447, 449 (Fla. 4th DCA 1993)). An exception to the general rule permits litigation of extrinsic facts to the underlying complaint when such material facts to the duty to defend determination would not normally be alleged in the underlying complaint against the insured. See Composite Structures, Inc. v. The Continental Ins. Co., No. 12-15866, 2014 WL 1069253 (11th Cir. March 20, 2014) (holding that exception to general rule— that duty to defend is determined solely from allegations in complaint—applied where complaint would not normally include date of written notice to insurance company).

C. **Discovery**

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Courts construe this language to permit "open disclosure of all potentially relevant information." Burns v. Thiokol Chem. Corp., 483 F.2d 300, 307 (5th Cir. 1973).[2] However, the information

---

[2] Decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, are binding

sought must be relevant to the issues in the case and not overly burdensome to the responding party. Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992) (citing Trevino v. Celanese Corp., 701 F.2d 397, 406 (5th Cir. 1983)). All grounds for objections to discovery must be stated with specificity, and "[a]ny ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extension thereof, shall be waived." S.D. Fla. L.R. 26.1(g)(3)(A). Additionally, when an objection is based on a privilege, the objecting party must identify the nature of the privilege as set forth in Local Rule 26.1(g)(3)(B) and supply a privilege log as described in Local Rule 26.1(g)(3)(C).

## ANALYSIS

### A.  RFPs 7–10

RFPs 7–10 collectively seek information exchanged in the West Virginia Action, including pleadings, court filings, and discovery. Gemini argues that it needs all of these documents in order to determine the number of instances or occurrences that transpired in order to determine the duty to defend under the Gemini Policy. Effectively, Gemini seeks to establish a factual record in this jurisdiction to determine the number of occurrences. Though there are some circumstances that require the establishment of facts outside of the allegations contained in the underlying complaint—such as whether the insured fulfilled an SIR/deductible requirement (a condition precedent that would not normally be alleged in an underlying complaint against the insured)—the law is well-settled that the determination of the number of occurrences is limited to the allegations contained in the underlying complaint. Amerisure Ins. Co., 771 So. 2d at 580.

---

precedent in the courts of the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981).

6

Accordingly, RFPs 7–10, which seek documents pertinent to an ultimate factual determination of the West Virginia Action, are irrelevant to the limited issue before this Court. Thus, Gemini's Motion to Compel is DENIED as to RFPs 7–10.

### B.     RFP 14

RFP 14 requests "[a]ny and all **indemnity** agreements between Anda and any third-party relating to the sale of pharmaceuticals." ECF No. 87 Attach. 1 at 7 (emphasis added). Anda objected, stating that indemnity issues are not relevant because that matter has been stayed. In its Motion to Compel, Gemini alters the terms of the request and states that RFP 14 seeks "indemnity, defense, and hold harmless agreements between Anda and its suppliers and vendors." ECF No. 87. Gemini's request clearly states "indemnity agreements." Anda properly responded that such agreements are not relevant at this time because of the stay. Accordingly, Gemini's Motion to Compel is DENIED as to RFP 14 because this Court cannot compel the production of that which was not requested.

### C.     RFP 17

RFP 17 requests "[a]ll papers, documents, investigative reports (internal and external), memoranda, interoffice and intraoffice memoranda of notes relating to the policy, policies, or the underlying lawsuit." Anda objected "on the grounds that the Request is overbroad and unreasonably and unduly burdensome given the relevant inquiry is whether Gemini breached its duty to defend Anda in the underlying lawsuit." ECF No. 87 Attach. 1 at 9. Anda further stated that "[t]here are at least eighteen (18) other policies issued by carriers other than Gemini involved in this coverage action, which have no bearing on whether Gemini breached its duty to defend Anda in the

underlying lawsuit." Id. At the hearing on Gemini's Motion to Compel, Gemini's position was that it is seeking communications between Anda and the West Virginia Office of the Attorney General because Gemini believes the original underlying complaint in the West Virginia Action was amended by collusion between Anda and the Attorney General. Presumably, Gemini seeks to uncover collusive acts to avoid any duty under the Gemini Policy based on a fraud defense. Gemini has not included the collusion accusations in its responsive pleading.[3] Thus, as of now, Gemini's request for documents that it believes may show collusion, is too speculative to entertain. Accordingly, Gemini's request for documentation of all communications between Anda and the Attorney General is not relevant to the duty to defend, and Gemini's Motion as to RFP 17 is DENIED to the extent that Anda is not required to produce all communications between Anda and the Attorney General at this time. This Court is under the impression that the parties have worked out any other issues regarding RFP 17 pursuant to discussions prior to and during the hearing, and Anda will produce all non-privileged and non-work-product correspondence relevant to the duty to defend and supply a privilege log if necessary.

### D.   RFP 18

RFP 18 requests "[a]ll documents that support [Anda's] contention that Gemini has a duty to defend and indemnify Anda in the underlying lawsuit." ECF No. 87 Attach. 1 at 9. Anda lodged several objections to this request, including overbreadth/relevancy as to indemnity issues and work-product immunity. Id. To the extent that Gemini seeks an order compelling Anda to produce documents relevant to RFP 18, Anda responds

---

[3] Indeed, Gemini's Motion to Compel includes citations to each affirmative defense that supports every "critical issue" except for the allegation of collusion. ECF No. 87 at 1–2.

that Gemini has all documents that Anda intends to rely on in support of its claim, except information protected as work-product. At the hearing, Anda recognized its ongoing duty to disclose any documents that support its duty-to-defend claim (other than work-product) under Federal Rule of Civil Procedure 26. As such, Gemini's Motion to Compel is DENIED as to RFP 18 because Anda represents that all pertinent materials have been produced and will continue to be produced as necessary.

DONE and ORDERED at Fort Lauderdale, Florida this 3d day of June 2014.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable K. Michael Moore

Honorable Chris M. McAliley

All Counsel of Record